**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/10/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

| | |
|---|---|
| JAMES GARDNER DENNIS, | ) |
| | ) |
| Petitioner, v. | ) |
| | ) |
| LORI WILMOUTH, IN HER OFFICIAL CAPACITY OF PROBATION OFFICE, DISTRICT 15, VIRGINIA DEPARTMENT OF CORRECTIONS | ) ) ) ) ) |
| | ) |
| SERVE:<br>LORI WILMOUTH<br>2209 FLORIDA AVE.<br>LYNCHBURG, VA 24501 | ) ) ) ) ) |
| KELLY POE, IN HER OFFICIAL CAPACITY OF DIRECTOR OF PROBATION OFFICE, DISTRICT 15, VIRGINIA DEPARTMENT OF CORRECTIONS | ) ) ) ) ) |
| | ) |
| SERVE:<br>KELLY POE<br>2209 FLORIDA AVE.<br>LYNCHBURG, VA 24501 | ) ) ) ) ) |
| CHADWICK DOTSON, IN HIS OFFICIAL CAPACITY OF DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS | ) ) ) ) |
| | ) |
| SERVE:<br>VIRGINIA ATTORNEY GENERAL<br>2209 FLORIDA AVE.<br>LYNCHBURG, VA 24501 | ) ) ) ) ) |
| Respondents. | ) ) ) |

Case No. 6:23CV00051

- 1 -

## Petition for Relief Under 42 U.S.C. §1983

James G. Dennis ("Dennis"), by counsel respectfully requests relief pursuant to 42 U.S.C. § 1983 based upon the following:

## THE PARTIES

1. Dennis is an individual residing in Nelson County Virginia.
2. Dennis was previously incarcerated and is currently on probation in Virginia.
3. Prior to his incarceration, Dennis lived in Albemarle County, Virginia.
4. On information and belief, Respondent Lori Wilmouth ("Wilmouth") is an individual and is a resident of Virginia and is a probation officer of the Virginia Department of Corrections.
5. On information and belief, Respondent Kelly Poe ("Poe") is an individual and is a resident of Virginia and is Director of the District 15 probation office of the Virginia Department of Corrections.
6. On information and belief, Respondent Chadwick Dotson ("Dotson") is an individual and is a resident of Virginia and is Director of the Virginia Department of Corrections.

## JURISDICTION AND VENUE

7. This action arises under the Federal Civil Rights Act as stated in 42 U.S.C. §1983 *et seq*. Jurisdiction is founded on Sections 1331 and 1343(a)(3) and 1343(a)(4) of the Judicial Code (28 U.S.C. §§1331 and 1343), as it is an action arising under the laws of the United States.
8. Respondents are subject to the personal jurisdiction of this Court since they are in Virginia or have purposefully availed themselves of the privileges of doing business in Virginia regarding the actions alleged herein, and such jurisdiction is reasonable.
9. Venue is conferred by §1391 of the Judicial Code (28 U.S.C. §1391).

## ALLEGATIONS

10. On November 12, 2008, Dennis was sentenced to eleven (11) years in prison by the Albemarle County Circuit Court with an additional 21 years plus 138 months of suspended time for:

    (1) twenty counts of possession of child pornography;

    (2) one count of embezzlement;

    (3) one count of sexual abuse;

    (4) one count of crimes against nature; and

    (5) one count of computer solicitation.

11. None of those charges involved any "sexually violent offense" as that phrase is defined in Va. Code § 37.2-900.

12. The most serious non-violent sexual offense to which Dennis entered an Alford plea, "crimes against nature" under Va. Code § 18.2-361(A) was ruled by the Fourth Circuit Court of Appeals as being unconstitutional after Dennis' plea, and that portion of the statute was subsequently repealed by Virginia. *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. Va. 2013).

13. At the time of his sentencing, Dennis had a "score of 1 (unrelated victim) out of a possible score of 10" on a STATIC-99 psychological test, which evidenced that Dennis had the lowest possible probability of recidivism for non-violent sex offenses. A copy of said STATIC-99 psychological test is submitted herewith as Exhibit 1.

14. Dennis was released from incarceration for the 2008 sentences on or about August 1, 2017.

15. On or about June 23, 2018, Dennis was arrested on charges of rape and abduction by force. Each of those charges was subsequently dismissed via orders of Nolle Prossequi after Dennis subpoenaed ankle monitoring records that proved his accuser's accusations false. Dennis was subsequently indicted on two counts of sex trafficking and two counts of pandering. Pursuant to a plea agreement, Dennis entered two Alford pleas to misdemeanor offenses of residing in a bawdy place in violation of Va. Code 18.2-347 in the Circuit Court for the City of Winchester. Remaining charges were dismissed via orders of Nolle Prossequi. Dennis was sentenced to 12 months for each of the charges for which Alford pleas were entered with all the sentences suspended.

16. On April 12, 2019, the Dennis appeared before the Albemarle County Circuit Court. He was charged with set of probation violations based upon the two misdemeanor counts for which he entered Alford pleas in the Circuit Court for the City of Winchester.

17. Pursuant to the probation violation hearing, Albemarle County Circuit Court revoked five (5) years of the Dennis' previously suspended sentence.
18. Dennis served the sentence imposed at the probation violation hearing and was released on October 18, 2022.
19. On or about April 16, 2022, in preparation for his release, Dennis submitted his home plan for 2213 Tanners Ridge, Roseland, VA 22967 to his counselor. The home plan was immediately denied by Lynchburg probation and parole because the assigned officer erroneously contacted the wrong person regarding the housing plan.
20. On or about May 5, 2022, Dennis resubmitted his housing plan for 2213 Tanners Ridge, Roseland, VA 22967.
21. The housing plan as submitted met all requirements set forth under VA Code § 18.2-370.3.  Namely, there are no nearby schools or public parks that would render the property unsuitable for Dennis to live while on probation.
22. On or about May 24, 2022, probation officers acting as agents for Poe met Dennis' then fiancé at her condominium at 2213 Tanners Ridge, Roseland, VA 22967.
23. During this visit, probation officers from Lynchburg probation and parole made various comments to Dennis's fiancé and about the suitability of the location that were refuted by Dennis's fiancé.
24. Prior to Dennis' release, an agent of Poe commented that cellular telephone service was bad at the condo. Dennis' wife, who was his fiancé at the time, responded that she would willingly install a landline if necessary if such was deemed necessary by Poe and her agents. As a factual matter, while not all companies provide cellular service in this area, Boost mobile has excellent service the area.
25. Prior to Dennis' release, an agent of Poe also stated, regarding several collectors Star Wars memorabilia contained in glass storage cases and original packaging, that Dennis was not allowed to possess such items. Dennis's fiancé offered to throw them out as a response. This statement only served to bully Dennis's fiancé and the possession of such items was not unlawful for any reason.
26. An agent of Poe also asked Dennis's fiancé if she thought Dennis was guilty of the 2018 nolle processed charges in Winchester. When Dennis's fiancé responded that she believed he was not guilty, as the GPS evidence proved and resulted in the charges being

nolle processed, the agent of Poe became argumentative and aggressively accusatory of Dennis's fiancé.

27. Two weeks after his fiancé's encounter with the probation officers, Dennis was notified by his counselor at State Farm Correctional Center that his home plan had been disapproved due to lack of cell phone service, toys at the residence, and his fiancé's belief in his innocence.

28. Poe and her agents Lynchburg probation and parole office denied Dennis's viable home plan with his wife without just cause, thus removing Dennis's support system and rendering him effectively homeless for a time.

29. This denial forced Dennis to rent a room for a total of $3,000 at a boarding house beginning 6 months prior to his release to achieve an approved housing plan, even though Dennis submitted a housing plan that met all legal requirements.

30. Dennis was effectively forced to pay for a room he should not have been required to rent to have an approved housing plan for his timely release, putting financial strain on both Dennis and his fiancé.

31. On October 21st, 2022, Dennis and his fiancé were joined in matrimony.

32. Shortly thereafter, Dennis notified his probation officer of his wedding.

33. Since his release, Dennis has been mostly unemployed and could no longer sustain the rent accumulating at the boarding house.

34. This prompted Dennis to seek reapproval of his initial housing plan at 2213 Tanners Ridge, Roseland, VA 22967 with his now-wife. Without such approval, Dennis would be homeless.

35. In late October 2022, Dennis notified the Lynchburg probation and parole office of his intent to move to 2213 Tanners Ridge, Roseland, VA 22967 to be with his wife.

36. Poe and her agents Lynchburg probation and parole office withheld approval until the day after Dennis' month to month lease expired, the last minute forcing him to remain at the boarding room until November 1, 2022, which allowed Poe and her agents to compel Dennis to remain close to their office on Halloween.

37. Dennis is presently on probation, which probation is subject to rules set by Wilmouth under the direct supervision of Poe and Dotson so long as those rules are constitutional.

38. Wilmouth, with the supervision and approval of Poe and Dotson, has imposed an unconstitutional rule upon Dennis by not allowing Dennis to attend church meetings until she approves such meetings.
39. On or about May 31, 2023, Dennis requested permission to attend a church that he has chosen.
40. To date, Dennis has been unconstitutionally denied permission to attend church in violation of his First Amendment rights.
41. Wilmouth, with the supervision and approval of Poe and Dotson, has imposed an unconstitutional rule upon Dennis by not allowing Dennis to use any computer even for employment.
42. On or about July 31, 2023, Dennis requested permission to use a computer in employment.
43. To date, Dennis has been unconstitutionally denied permission to use any computer, even for work, in violation of at least his Eighth Amendment rights.
44. Wilmouth, with the supervision and approval of Poe and Dotson, has also imposed an unconstitutional rule upon Dennis that even if she ever allows Dennis to use any computer for employment, she will condition such use on the installation of monitoring software on all computer equipment used by Dennis.
45. Upon information and belief, such monitoring software will substantially prevent Dennis from ever securing gainful employment in violation in at least the Eighth Amendment rights of Dennis.
46. Upon information and belief, such monitoring software will violate at least the Eighth Amendment rights of Dennis.
47. Upon information and belief, requiring such monitoring software violates Dennis' Fifth Amendment rights against self-incrimination.
48. Upon information and belief, requiring such monitoring software violates Dennis' Fourth Amendment rights as an unlawful search and seizure.

## COUNT I
## EQUAL PROTECTION

1. The preceding paragraphs are incorporated by reference.
2. Under VA Code § 18.2-370.3 sex offenders are required to have the following residential restrictions for their housing: "Every adult who is convicted of an offense . . . shall be forever prohibited from residing within 500 feet of the premises of any place he knows or has reason to know is a child day center as defined in § 22.1-289.02, or a primary, secondary, or high school."
3. 2213 Tanners Ridge, Roseland, VA 22967 at all times met the requirements of VA Code § 18.2-370.3 and was at all times suitable for Dennis's habitation.
4. The Virginia Department of Corrections, by denying Dennis's home plan for a significant time window, violated his rights by adding undue restrictions that go beyond the scope of VA Code § 18.2-370.3.

## COUNT II
## SUBSTANTIVE DUE PROCESS VIOLATION

5. The preceding paragraphs are incorporated by reference.
6. Under VA Code § 18.2-370.3, 2213 Tanners Ridge, Roseland, VA 22967 was legally suitable at all times for Dennis' residency.
7. Denying Dennis the right to live in a location that at all times met legal requirements was a violation of Dennis's due process rights.
8. Further, denying Dennis the right to live with his spouse at a location that meets the criteria of VA Code § 18.2-370.3 violates both Dennis's due process rights and First Amendment Freedom of Religion rights.
9. The Virginia Department of Corrections created undue financial strain for Dennis and his spouse by denying Dennis's viable housing plan.
10. By denying Dennis's valid housing plan, the Virginia Department of Corrections acted in a manner contrary to law.

## COUNT III

### PROCEDURAL DUE PROCESS VIOLATION

11. The preceding paragraphs are incorporated by reference.
12. The Virginia Department of Corrections created a procedural due process violation of Dennis's rights by not allowing any process of appeal for the denial of Dennis's viable home plan.

## COUNT IV

### FIRST AMENDMENT VIOLATION – CHURCH ATTENDANCE

13. The preceding paragraphs are incorporated by reference.
14. The Respondents have denied Dennis permission to attend church in violation of his First Amendment rights.

## COUNT IV

### FIRST AMENDMENT VIOLATION – INTERNET ACCESS

15. The preceding paragraphs are incorporated by reference.
16. The Respondents have denied Dennis permission to have any Internet access in violation of his First Amendment rights.

**Prayer for Relief**

For all the reasons discussed herein, Dennis requests that this Petition be granted and enter an Order:

A. declaring that Dennis may attend the church of his choice under the First Amendment;

B. declaring that Dennis may utilize computer equipment for employment purposes without restriction;

C. declaring that Dennis may utilize computer equipment without restriction;

D. an award in damages for residential rent and other costs that were incurred because of the unlawful actions of the Respondents;

E. an award of all costs incurred, including reasonable attorneys' fees; and

F. other relief as deemed by this Court to be just.

**Dennis demands a Jury trial**.

Respectfully submitted,

Dated:  September 10, 2023

By: /s/ Dale R. Jensen
Dale R. Jensen (VSB 71109)
Dale Jensen, PLC
606 Bull Run
Staunton, VA  24401
(434) 249-3874
(866) 372-0348 facsimile
djensen@dalejensenlaw.com
Counsel for James Gardner Dennis