CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/19/2024
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JAMES GARDNER DENNIS<br><br>      *Plaintiff*,<br>v.<br><br>LORI WILMOUTH, *et al.*,<br><br>      *Defendants.* | CASE NO. 6:23-cv-00051<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

  Plaintiff James Dennis, a state probationer, brought suit against Defendants under 42 U.S.C. § 1983. Dkt. 1. He claims that Defendants have violated his constitutional rights in their administration of the conditions of his term of probation; these conditions were imposed by the Albemarle County Circuit Court. *Id.*; Dkt. 7 at 4–5. Without great clarity as to which Defendants took the alleged actions, Plaintiff asserts that Defendants unduly delayed approval of his post-incarceration home plan; failed to supply an appeals process when a home plan is denied; have denied him permission to attend church; and have denied him permission to use the Internet. Dkt. 1 at 7–8. Defendants moved to dismiss, arguing, *inter alia,* that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 7 at 6–10.

  Concluding that Plaintiff's claims are indeed barred by *Heck*, the Court will grant the Motion to Dismiss, Dkt. 6.

## Background

  On November 12, 2008, Plaintiff was sentenced in the Albemarle County Circuit Court for twenty counts of possession of child pornography, one count of embezzlement, one count of

sexual abuse, one count of crimes against nature, and one count of computer solicitation. Dkt. 1 at 2–3. The court imposed eleven years of imprisonment, "with an additional 21 years plus 138 months of suspended time[.]" *Id.* at 2. The continued suspension of the suspended portion of the sentence depended on these conditions:[1]

> GOOD BEHAVIOR. The defendant shall be of good behavior and not violate any of the penal laws of this Commonwealth or any of its political subdivisions for the term of fifteen years.
>
> SUPERVISED PROBATION. Upon release from incarceration the defendant shall be placed under supervised probation with the Probation Officer of this Court for the term of four years, the first two of which shall be intensive unless the probation officer deems otherwise. Said supervision shall provide for an evaluation of sexual behavior treatment and the defendant shall successfully complete any program deemed appropriate. The Court suggests some type of electronic monitoring during the time of supervision. Further the Court Orders that the defendant comply with all rules, recommendations and regulations placed upon the defendant by the Probation Officer.
>
> COMPUTERS. The defendant shall not own, use, or have a computer at home. The only exception is for employment at which time he may use a computer at his place of employment for employment-related needs only.
>
> NO CONTACT. The defendant shall have no contact whatsoever with the victim.
>
> COURT COSTS. The defendant shall pay Court costs.

Dkt. 7 at 4 (Albemarle County Circuit Court Record, *Commonwealth of Virginia v. James Gardner Dennis*, November 12, 2008, Case Numbers: 20,333-20,335 and 20,245-20-264).

Plaintiff was released from prison on or about August 1, 2017. Dkt. 1 at 3. In June 2018, he was arrested on charges of rape and abduction by force; these charges were dismissed "via orders of Nolle Prosequi" based on location monitoring evidence that Plaintiff was elsewhere at the relevant time. Dkt. 1 at 3. After an indictment on two counts of sex trafficking and two

---

[1] The court may consider matters of public record such as the court orders excerpted in the motion to dismiss. See *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (finding that on a 12(b)(6) motion the court "may properly take judicial notice of matters of public record").

counts of pandering, Plaintiff entered "two Alford pleas to misdemeanor offenses of residing in a bawdy place … in the Circuit Court for the City of Winchester." *Id.* He was sentenced to twelve months on each count. *Id.*

Based on these misdemeanor offenses, the Albemarle County Circuit Court held a parole violation hearing on or about April 12, 2019, and imposed five years of Plaintiff's previously suspended sentence. *Id.* at 4. The remaining suspended portion of his sentence was suspended on these conditions:

> GOOD BEHAVIOR. The defendant shall be of good behavior and not violate any penal laws of this Commonwealth or any of its political subdivisions for the term of twenty years.
>
> SUPERVISED PROBATION. Upon release from incarceration the defendant shall be placed under supervised probation with the Probation Officer of this Court until August 1, 2025. The defendant shall obey all recommendations, rules and regulations place upon the defendant by the Probation Officer.
>
> NO CONTACT. The defendant shall have no contact whatsoever with the victim.
>
> COURT COSTS. The defendant shall pay Court costs.

Albemarle County Circuit Court Record, *Commonwealth of Virginia v. James Gardner Dennis,* February 6, 2019, Case Numbers: 08-20,334-01; 08-20,335-01; 08-20,245-01 through 08-20,264-01.

Plaintiff was released on October 18, 2022. Dkt. 1 at 4. He alleges that Defendants were dilatory in approving his plan to live with his now-wife, thereby violating his right to religious freedom and causing him to incur unnecessary rent payments at a boarding house; that the failure to provide an appeals process as to home plan denial violates his substantive due process rights; that he is restricted from attending church meetings without approval from Defendant Wilmouth, and that she has not approved attendance; and that Wilmouth has denied him permission to use a computer and conditions any future use on the installation of monitoring software. *Id.* at 5–7.

The relief which Plaintiff requests focuses on the conditions of his probation. He requests that this Court issue an Order "declaring that [Plaintiff may attend the church of his choice … [and] that [Plaintiff] may utilize computer equipment without restriction" and awarding damages for the boarding house rent he paid. *Id.* at 8–9.

Defendants filed a Motion to Dismiss, which Plaintiff opposed. Dkts. 6, 7, 9, 10. At this point, the Court was notified by the Virginia State Bar that the license to practice law of Plaintiff's counsel had been revoked. Dkt. 11. The Court mailed Plaintiff a notice directing him to indicate that he would proceed pro se, or to have a new attorney file an appearance, within 30 days. *Id.* There was no response. The Court sent Plaintiff another notice indicating that if he had lost interest in pursuing the case, it might be dismissed for failure to prosecute, and giving him a further 21 days to respond. Dkt. 13. Just after this deadline, Plaintiff wrote to the Court stating that he had not received the second notice as he is jailed on a probation violation, and requesting leave to amend his Complaint in order "to add claims associated with my arrest on December 14, 2023, as well as my ongoing incarceration." Dkt. 14 at 2–3. Plaintiff alleges that the arrest was retaliatory, and attaches a Major Violation Report signed by Defendant Wilmouth indicating that he was arrested based on his being observed using a smartphone throughout the Target store in Waynesboro, Virginia. Dkt. 14 at 1; Dkt. 14-1 at 3–4. Defendant asserts that his arrest is an attempt by Defendants to avoid this Court's review "of what [Plaintiff] believe[s] are unconstitutional restrictions on Internet access." Dkt. 14 at 1.

Plaintiff sought to file an Amended Complaint. Dkt. 14. On May 7, 2024, Magistrate Judge C. Kailani Memmer denied the Motion because Plaintiff did not provide a copy of the proposed Amended Compliant. Dkt. 22. The denial was without prejudice, but Plaintiff has not sought leave to amend. The Court therefore takes up the Motion to Dismiss, Dkt. 6.

4

## Analysis

Defendants, in their Motion to Dismiss, argue that § 1983 is not a vehicle which Plaintiff can utilize to attack the conditions of his probation. Dkt. 7 at 6–7. They cite the United States Supreme Court's statement in *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486–87.

In short, the Supreme Court held that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. Defendants contend that *Heck* bars this Court from providing the relief that Plaintiff requests.

Defendants are correct. Under *Heck*, when a state prisoner seeks damages pursuant to § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, Plaintiff challenges the conditions of his probation. This Court has previously held that challenges to conditions of probation fall squarely within the arena barred by *Heck. See Firewalker-Fields v. Albertson et al.*, No. 7:19-cv-00741 at 2–3 (W.D. Va., Jun. 3, 2020). This holding aligns with the position of other courts to have considered the question. *See Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977) (holding that a challenge to the terms of probation must be brought by means of a petition for habeas corpus); *Blackmon v. Hamblin*, 436 F. App'x

632, 633 (7th Cir. 2011) ("A person convicted of a crime may not use § 1983 to attack the fact of his confinement or the conditions of his parole" and so the plaintiff's constitutional challenge to the condition of his parole must be brought in a habeas petition); *Saunders v. Jones*, No. 3:12CV192-HEH, 2014 WL 2155342, at *3 (E.D. Va. May 22, 2014) ("[Plaintiff's] challenge to the terms and conditions of his probation is an attack on the sentence imposed by the Circuit Court and . . . necessarily implies the invalidity of his sentence"; thus, it was barred by *Heck*).

Plaintiff argues that the *Heck* bar should not apply to him as a matter of public policy because the statute of limitations has run on his right to bring a habeus action, and he could not possibly, within the relevant statutes of limitations, have foreseen that he would be subject to unconstitutional probation conditions. Dkt. 9 at 4. The Court finds this position unconvincing for several reasons. First, Plaintiff received notice of the computer restriction in 2008. *See supra* at 2. Second, Virginia state courts retain the ability to modify probation conditions that they have imposed. *See* Va. Code 19.2-304. Third, Virginia courts allow objections to probation conditions both at the point when the general terms are imposed and when those terms are expanded upon by probation officers. *See, e.g., Douglas v. Commonwealth*, No. 1886-15-3, 2017 WL 1149686, at *4, 6 (Va. Ct. App. Mar. 28, 2017) (stating that an individual on probation could have made timely objections to conditions either when he was ordered to comply with "all the rules and requirements set by [his] [p]robation [o]fficer" or at a later date when the probation officer explained the rules and requirements).

The Court cannot review the constitutionality of Plaintiff's conditions of probation in a § 1983 action, and so it cannot provide the relief requested in the Complaint. Moreover, Plaintiff

makes no allegation that he has attempted to obtain relief as to the conditions of his *state* probation from the *state* court—let alone exhausted any avenues available to him.[2]

For these reasons, the Court will **GRANT** the Motion to Dismiss, Dkt. 6. An Order will issue to this effect.

The Clerk is directed to send copies of this memorandum opinion to Plaintiff and to counsel of record for the Defendants.

ENTERED this __19th__ day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] While Plaintiff asserts that the Defendants violated his rights by not offering an appeals process as to decisions about his home plan, he does not allege that he raised objections on this issue to the Albemarle County Circuit Court or any other state court.